IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN V. GROSS, JR.,

                Petitioner,

v.

DYLON RADTKE,

                Respondent.

OPINION and ORDER

21-cv-643-wmc[1]

---

Petitioner John V. Gross, Jr. seeks relief under 28 U.S.C. § 2254, challenging his 2002 conviction for first-degree intentional homicide as a party to a crime. *See* Juneau County Case No. 2001CF89. Gross has paid the $5 filing fee, and the petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 requires the court to examine the petition and supporting exhibits and to dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. After reviewing the petition and brief in support, I conclude that the petition is untimely. But I will give Gross a short deadline to show cause why this case should not be dismissed.

BACKGROUND

I take the following facts from Gross's petition, the state court of appeals' decision affirming his conviction, and publicly available state court records.[2] Gross was charged with

---

[1] I am exercising jurisdiction over this case for the purpose of this Rule 4 order only.

[2] *See* https://wcca.wicourts.gov.

first-degree intentional homicide as a party to a crime in the death of his girlfriend's son, L.Z. *State v. Gross*, 2020 WI App 47, ¶ 2 (per curiam).

A jury convicted Gross, and the state circuit court sentenced him to life in prison with eligibility for extended supervision following 50 years of initial confinement. Gross filed a direct appeal challenging the admission of the other acts evidence. The court of appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review on September 1, 2004. Gross sought other postconviction relief in the circuit court in 2005, 2009, and 2012.

In 2016, Gross filed a pro se motion for a new trial under Wis. Stat. § 974.06, and a year later he filed a pro se motion to vacate the restitution order. The circuit court appointed him appellate counsel and denied both motions. Gross appealed and argued that newly discovered expert medical evidence provided by a forensic pathologist supported his defense. Gross alternatively argued that trial counsel was deficient for failing to consult a medical expert, that he is entitled to a new trial in the interests of justice, and that his restitution order should be vacated. The court of appeals rejected Gross's arguments, and the Wisconsin Supreme Court denied his petition for review on October 21, 2020.

Gross mailed his federal habeas petition to this court on October 12, 2021. Dkt. 1-1. In it, Gross renews his claims that he is entitled to a new trial based on newly discovered medical evidence in the form of his expert's report, or in the alternative because his trial counsel was deficient in failing to consult with or present a medical expert.

ANALYSIS

Gross has exhausted his claims in state court, but his petition appears to be untimely. A person filing a habeas corpus petition under § 2254 must meet the time limitations imposed

by 28 U.S.C. § 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute, two of which are relevant to Gross's petition.

The first of those events relevant to Gross's petition is "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Gross appealed his conviction, and the Wisconsin Supreme Court ultimately denied his petition for review on September 1, 2004.

Gross's one-year limitations period to file for federal habeas relief began running 90 days later and ended on November 30, 2005. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed a petition for writ of certiorari with United State Supreme Court). The time during which a properly filed state postconviction motion concerning the judgment or claim is pending may toll the limitation period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). Although Gross filed a postconviction motion in 2005 that the circuit court denied that same year, Gross did not file anything else in his state-court criminal case until 2009, and "a state proceeding that does not begin until the federal year has expired is irrelevant." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). If Gross's one-year limitation period is measured from the end of review of his direct appeal, his 2021 petition is untimely by nearly sixteen years.

The second of the relevant events in § 2244(d)(1) is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Gross does not explain why he did not raise his ineffective assistance of counsel claim, which is based on trial counsel's failure to consult with or present

expert testimony at Gross's 2002 trial, before now. As for the more recent expert report, its author apparently based his conclusions on existing evidence, specifically L.Z.'s medical records, the autopsy report, photographs, a selection of autopsy slides, and synopses of the trial testimony of the state's medical experts. *Gross*, 2020 WI App 47, ¶ 27. Gross does not explain how his expert report constitutes newly discovered evidence, as opposed to a new evaluation of evidence that existed when he filed his direct appeal. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (the time begins when petitioner knows, or through due diligence could discover, the important facts, not when petitioner recognizes the facts' legal significance).

Gross could potentially overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, he could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Gross must show "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399.

Gross does not address timeliness in his petition or in his brief in support, nor does he attach the expert report that supports his claims. I will give him a short time to explain whether his petition is timely and whether he qualifies for equitable tolling or is actually innocent based on new evidence not presented at trial. I will also give him a chance to present his new evidence. If Gross does not respond to this order by the date below, I will dismiss his petition as untimely and close this case.

ORDER

IT IS ORDERED that:

1. Petitioner may have until **June 13, 2023**, to respond to this order regarding the timeliness of his petition, equitable tolling, and actual innocence.

2. If petitioner does not respond to this order by June 13, I will dismiss his petition as untimely.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge